UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

LLOYDS TSB BANK PLC,

                    Defendant.
-------------------------------------------------------------------- X

No. 07-Civ.-9235 (CSH)

**DECLARATION OF MARC J. GOTTRIDGE IN SUPPORT OF DEFENDANT LLOYDS TSB BANK PLC'S MOTION TO DISMISS THE COMPLAINT**

Marc J. Gottridge declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in Lovells LLP, attorneys for defendant Lloyds TSB Bank plc ("Lloyds TSB" or "the Bank") in the above-captioned action. I am a member in good standing of the Bar of the State of New York and of this Court.

2. I submit this declaration in support of Lloyds TSB's motion to dismiss the Complaint (the "Motion").

3. The purposes of this declaration are: (i) to place before the Court copies of certain documents cited in the accompanying memorandum of law in support of the Motion; and (ii) to set forth certain additional facts relevant to the Motion.

4. Annexed hereto as Exhibit 1 is a true and correct copy of the Complaint in this action.

5. Collectively annexed hereto as Exhibit 2 are true and correct copies of the September 14, 2004 coordination agreement (the "Coordination Agreement") to which the Office

of the United States Attorney for the Southern District of New York (the "USAO") and the trustees for the AremisSoft Corporation Liquidating Trust (the "Trustees") are parties, and the October 13, 2004 Order of Judge Joel A. Pisano of the United States District Court for the District of New Jersey confirming the Coordination Agreement.

6. As made clear in the Coordination Agreement, the United States government has for more than six years actively prosecuted myriad criminal and civil proceedings arising out of the demise of the AremisSoft Corporation ("AremisSoft"). Among other things:

a. The Unites States Securities and Exchange Commission (the "SEC") issued a formal order of investigation of AremisSoft in May 2001. (Ex. 2 at 2). In October 2001, the SEC filed a Complaint for Emergency, Preliminary and Permanent Injunctive Relief in this Court, alleging that AremisSoft and its principals Roys Poyiadjis ("Poyiadjis") and Lycourgos Kyprianou ("Kyprianou") had overstated the value of AremisSoft's contracts, revenues and recent acquisitions, and that they had engaged in insider trading (the "SEC Action"). (*Id.* at 4).[1]

b. The SEC proceeded to trace proceeds from Poyiadjis's insider sales of AremisSoft common stock to bank accounts in the Isle of Man, where the funds were apparently held for the benefit of Poyiadjis and others. (*Id.* at 4-5). On behalf of the United States, the Attorney General for the Isle of Man successfully petitioned a court in that jurisdiction in October 2001 for a restraining order freezing those accounts. (*Id.* at 5).

c. Also in October 2001, on the SEC's application, this Court entered a preliminary injunction freezing various assets and requiring Poyiadjis and Kyprianou to repatriate funds to the United States. (*Id.* at 5).

---

[1] *U.S. Securities and Exchange Commission v. AremisSoft Corp., et al.*, No. 01-CV-8903 (CSH) (S.D.N.Y.). A true and correct copy of the Complaint in that action is annexed hereto as Exhibit 3.

      d.     On December 19, 2001, the USAO filed a grand jury indictment in this District (the "Poyiadjis Criminal Case"),[2] charging Poyiadjis with, among other things, securities fraud, and seeking forfeiture of the funds in the Isle of Man accounts described above. (*Id.*).

      e.     On February 11, 2002, this Court entered an order in the Poyiadjis Criminal Case, on the government's motion, restraining the Isle of Man bank accounts and directing Poyiadjis to repatriate the funds contained in those accounts. (*Id.*).

      f.     On March 22, 2002, the USAO filed a civil forfeiture action in this Court (the "Civil Forfeiture Action").[3] On June 3, 2002, this Court entered a default judgment in that action in favor of the United States against Poyiadjis and others. (*Id.* at 6-7).

      g.     On June 24, 2002, the USAO filed a superseding indictment (No. S01-CR-1177) in the Poyiadjis Criminal Case, charging Poyiadjis, Kyprianou and M.C. Mathews, the top AremisSoft executive in India, with securities fraud, money laundering, and conspiracy to commit securities fraud, money laundering, mail fraud and wire fraud. A true and correct copy of the superseding indictment is attached hereto as Exhibit 4.

      h.     On July 16, 2002, the Attorney General of the Isle of Man presented to a local court a petition on behalf of the United States for registration of the *in rem* judgment for the turnover of the assets in the Isle of Man bank accounts to the United States. (Ex. 2 at 9).

      i.     On July 25, 2002, on the SEC's application, a Final Judgment of Permanent Injunction and Other Relief was entered against AremisSoft, enjoining it from violating certain federal securities laws. (*Id.* at 7). On July 31, 2002, a final *in rem* judgment was entered, in favor of the United States and against the assets in the Isle of Man bank accounts, in the Civil Forfeiture Action. (*Id.* at 9).

---

[2] *United States v. Roys Poyiadjis*, No. 01-CR-1177 (LTS) (S.D.N.Y.).

[3] *United States v. The Contents of Fleming Isle of Man Limited Account Nos. 2248772101 and 2248820401, and Standard Bank Isle of Man Account Nos. 43016907 and 43016908*, Civil Action No. 02-CV-2319 (TPG).

j.  On December 1, 2003, the Trustees submitted to the United States a Petition for Remission and/or Mitigation (the "Petition"). (*Id.*). The USAO advised the Trustees that in or about March 2004, then-Deputy Attorney General James B. Comey approved the Petition and authorized the government to enter into the Coordination Agreement. (*Id.* at 10). In the Coordination Agreement, the Trustees and the United States represented that they had "concluded that a coordinated effort to locate and repatriate assets" would "further the ends of justice and maximize the recovery of assets for the benefit of the victims of the AremisSoft fraud." (*Id.* at 11).

k.  In or about January 2005, Poyiadjis, among others, pleaded guilty to the superseding indictment in the Poyiadjis Criminal Case and settled the Civil Forfeiture Action. Poyiadjis agreed to forfeit to the United States and pay the AremisSoft Liquidating Trust approximately $200 million, representing all of the proceeds from his individual sales of AremisSoft stock, plus interest.

7.  Collectively annexed hereto as Exhibit 5 are true and correct copies of two letters dated August 28, 2007 from the USAO to, respectively, this Court and me.

8.  Annexed hereto as Exhibit 6 is a true and correct copy of the complaint in the action captioned *LaSala v. Lloyds TSB Bank plc*, No. 06-CV-4335 (CSH) (S.D.N.Y. filed June 8, 2006).

9.  Collectively annexed hereto as Exhibit 7 are true and correct copies of a tolling agreement between Lloyds TSB and the government, dated August 31, 2007, and an extension of that agreement between Lloyds TSB and the government, dated September 27, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2008 at New York, New York.

*/s/ Marc J. Gottridge*
Marc J. Gottridge (MG 1616)