# EXHIBIT 7

## STANDSTILL AND TOLLING AGREEMENT

This Standstill and Tolling Agreement (the "Tolling Agreement") is made and entered into on August 31, 2007 by Lloyds TSB Bank plc ("Lloyds TSB") and the United States of America (the "United States") (collectively, the "Parties"), through their respective counsel, Lovells LLP and the United States Attorney's Office for the Southern District of New York (the "USAO").

**WHEREAS**, the USAO provided to Lloyds TSB's counsel a draft complaint against Lloyds TSB (the "Draft Complaint") that the USAO stated, in a cover letter dated August 28, 2007, it anticipated filing by September 7, 2007; and

**WHEREAS**, counsel for Lloyds TSB and the USAO have agreed to meet to discuss the Draft Complaint on September 18, 2007, upon the understanding that certain time-related defenses, as described below, would be tolled pending such discussions;

NOW, THEREFORE, the Parties hereby agree as follows:

1. All time-related defenses, at law or in equity, to an action by the United States against Lloyds TSB relating to or arising out of the subject matter of the Draft Complaint, including, but not limited to, defenses based on any statute of limitations, statute of repose, or doctrines of estoppel, waiver, or laches (collectively, "Time-Related Defenses"), shall be tolled during the period from September 8, 2007 to September 28, 2007, inclusive (the "Tolled Period"). The Tolled Period shall not be included in the computation of time for the purposes of any Time-Related Defense that may later be asserted in any such action.

2. During the Tolled Period, the United States shall not commence any action against Lloyds TSB relating to or arising out of the subject matter of the Draft Complaint.

3. This Tolling Agreement shall not affect or impair any defenses – including, but not limited to, Time-Related Defenses -- that are available to Lloyds TSB as of September 7, 2007 with respect to any action by the United States relating to or arising out of the subject matter of the Draft Complaint. Any and all such defenses are expressly preserved.

4. Neither the execution of this Tolling Agreement nor any term hereof shall be construed as an admission by any of the Parties as to the date on which the statute of limitations for any claims or causes of action begins or ends. Neither the execution of this Tolling Agreement nor any term hereof shall revive any claim or cause of action that was or would have been barred as of September 7, 2007 by any Time-Related Defense.

5. Neither this Tolling Agreement nor the circumstances leading to its execution shall be deemed to be an acknowledgment that either Party possesses any right, claim or cause of action against the Party, or as an admission of liability by any Party.

1

6.  All notices, requests, claims, demands and other communications under this Agreement shall be in writing and shall be given as follows:

| If to Lloyds TSB: | If to the United States: |
|---|---|
| Marc J. Gottridge, Esq.<br>590 Madison Avenue<br>New York, New York 10022<br>marc.gottridge@lovells.com | Rua M. Kelly, Esq.<br>Assistant United States Attorney<br>Southern District of New York<br>The Silvio J. Mollo Building<br>One Saint Andrew's Plaza<br>New York, New York 10007<br>rua.kelly@usdoj.gov |

7.  All notices, requests, claims, demands and other communications shall be delivered by hand, by express courier for next-business day delivery, or by email and shall be effective upon receipt.

8.  This Tolling Agreement may not be used or relied upon for any purpose other than the enforcement of its terms, nor shall it be used or referred to by any party in any proceeding except solely for the purpose of establishing and/or enforcing its terms.

9.  This Tolling Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Tolling Agreement may be modified, amended, or supplemented only in a writing signed by representatives of both Parties that makes specific reference to this Tolling Agreement.

11. This Tolling Agreement shall inure to the benefit of and be binding upon the Parties and (in the case of Lloyds TSB) each of its successors, assigns, agents, parents, subsidiaries, affiliates, officers, directors and employees.

12. Any dispute arising out of or in connection with this Tolling Agreement, including, without limitation, its validity, construction and performance, shall be resolved by the United States District Court for the Southern District of New York.

13. The existence and terms of this Tolling Agreement shall be kept confidential as among the Parties, except as necessary to effectuate its purpose. This provision shall survive the termination of this Tolling Agreement.

14. The provisions of this Tolling Agreement shall be deemed severable and the invalidity or unenforceability of any provisions hereof shall not affect the validity and enforceability of the other provisions hereof. If any provision of this Tolling Agreement or the application thereof to any person or entity or any circumstances, is invalid or unenforceable, (i) a suitable and equitable provision shall be substituted therefor in order to carry out, so far as may be valid and enforceable, the intent and purpose of such invalid and unenforceable provision and

persons, entities or circumstances shall not be affected by such invalidity or unenforceability, nor shall such invalidity or unenforceability affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

_____
Marc J. Gottridge, Esq.
Counsel for Lloyds TSB Bank plc

_____
Rua M. Kelly, Esq.
Assistant United States Attorney
Southern District of New York
Counsel for the United States of America

3

## STANDSTILL AND TOLLING EXTENSION AGREEMENT

This Standstill and Tolling Extension Agreement (the "Tolling Extension Agreement") is made and entered into on September 27, 2007 by Lloyds TSB Bank plc ("Lloyds TSB") and the United States of America (the "United States") (collectively, the "Parties"), through their respective counsel, Lovells LLP and the United States Attorney's Office for the Southern District of New York (the "USAO").

WHEREAS, the Parties, through their respective undersigned counsel, entered into a Standstill and Tolling Agreement (the "Tolling Agreement") on August 31, 2007; and

WHEREAS, the Parties wish to extend the Tolling Period provided for in the Tolling Agreement in order to continue their discussions;

NOW, THEREFORE, the Parties hereby agree as follows:

1. All terms defined in the Tolling Agreement shall have the same meanings in this Tolling Extension Agreement as they have in the Tolling Agreement.

2. The Tolled Period shall be extended to cover the period September 28, 2007 to October 12, 2007, inclusive.

3. Except as modified in paragraph 2 of this Tolling Extension Agreement, all other provisions of the Tolling Agreement shall remain in full force and effect.

4. During the Tolled Period as extended by paragraph 2 of this Tolling Extension Agreement, the United States shall not commence any action against Lloyds TSB relating to or arising out of the subject matter of the Draft Complaint.

5. This Tolling Extension Agreement shall not affect or impair any defenses – including, but not limited to, Time-Related Defenses – that are or were available to Lloyds TSB as of September 7, 2007 with respect to any action by the United States relating to or arising out of the subject matter of the Draft Complaint. Any and all such defenses are expressly preserved.

6. Neither the execution of this Tolling Extension Agreement nor any term hereof shall be construed as an admission by any of the Parties as to the date on which the statute of limitations for any claims or causes of action begins or ends. Neither the execution of this Tolling Extension Agreement nor any term hereof shall revive any claim or cause of action that was or would have been barred as of September 7, 2007 by any Time-Related Defense.

7. Neither this Tolling Extension Agreement nor the circumstances leading to its execution shall be deemed to be an acknowledgment that either Party possesses any right, claim or cause of action against the Party, or as an admission of liability by any Party.

NYCLIB01/NYMJG/124417.1

8.  All notices, requests, claims, demands and other communications under this Tolling Extension Agreement shall be in writing and shall be delivered by hand, by express courier for next-business day delivery, or by email and shall be effective upon receipt, to the addresses for notice set forth in the Tolling Agreement.

9.  This Tolling Extension Agreement may not be used or relied upon for any purpose other than the enforcement of its terms, nor shall it be used or referred to by any party in any proceeding except solely for the purpose of establishing and/or enforcing its terms.

10. This Tolling Extension Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. This Tolling Extension Agreement may be modified, amended, or supplemented only in a writing signed by representatives of both Parties that makes specific reference to this Tolling Extension Agreement.

12. This Tolling Extension Agreement shall inure to the benefit of and be binding upon the Parties and (in the case of Lloyds TSB) each of its successors, assigns, agents, parents, subsidiaries, affiliates, officers, directors and employees.

13. Any dispute arising out of or in connection with this Tolling Extension Agreement, including, without limitation, its validity, construction and performance, shall be resolved by the United States District Court for the Southern District of New York.

14. The existence and terms of this Tolling Extension Agreement shall be kept confidential as among the Parties, except as necessary to effectuate its purpose. This provision shall survive the termination of this Tolling Extension Agreement.

_____  
Marc J. Gottridge, Esq.  
Counsel for Lloyds TSB Bank plc

_____  
Sharon Levin, Esq.  
Assistant United States Attorney  
Southern District of New York  
Counsel for the United States of America

NYCLIB01/NYMJG/1244I7.1                     2