# EXHIBIT C



Recueil systématique du droit fédéral
Table des matières du droit interne
Page de garde | RS 311.0 Code pénal suisse
Livre deuxième: Dispositions spéciales
Titre deuxième: Infractions contre le patrimoine
◀ Art. 160 1. Infractions contre le patrimoine. / Recel
▶ Art. 161bis 1. Infractions contre le patrimoine. / Manipulation de cours

## Art. 161

Exploitation de la connaissance de faits confidentiels

1. Celui qui, en qualité de membre du conseil d'administration, de la direction, de l'organe de révision, ou en qualité de mandataire d'une société anonyme ou d'une société dominant cette société anonyme ou dépendant d'elle,

en qualité de membre d'une autorité ou de fonctionnaire,

ou en qualité d'auxiliaire de l'une de ces personnes,

aura obtenu pour lui-même ou pour un tiers un avantage pécuniaire, soit en exploitant la connaissance qu'il a d'un fait confidentiel dont il est prévisible que la divulgation exerce une influence notable sur le cours d'actions, d'autres titres ou effets comptables correspondants de la société ou sur le cours d'options sur de tels titres, négociés en bourse ou avant bourse suisse, soit en portant un tel fait à la connaissance d'un tiers,

sera puni de l'emprisonnement ou de l'amende.

2. Celui à qui un tel fait est communiqué directement ou indirectement par l'une des personnes mentionnées au ch. 1 et qui, par l'exploitation de cette information, obtient pour lui-même ou pour un tiers un avantage pécuniaire,

sera puni de l'emprisonnement pour un an au plus ou de l'amende.

3. Sont considérés comme faits, au sens des ch. 1 et 2, l'émission imminente de nouveaux droits de participation, un regroupement d'entreprises ou tout fait analogue d'importance comparable.

4. Lorsque le regroupement de deux sociétés anonymes est envisagé, les ch. 1 à 3 s'appliquent aux deux sociétés.

5. Les ch. 1 à 4 sont applicables par analogie lorsque l'exploitation de la connaissance d'un fait confidentiel porte sur des parts sociales, autres titres, effets comptables ou options correspondantes d'une société coopérative ou d'une société étrangère.

*Etat le 20 juin 2006*

Swiss Penal Code

il accettatore è punito con la pena comminata al reato preliminare, se questa è più mite.

Ove il reato preliminare sia perseguibile solo a querela di parte, la accettazione è punibile solo se la querela è stata sporta.

2. Il colpevole è punito con la reclusione sino a dieci anni o con la detenzione non inferiore a tre mesi se fa mestiere della accettazione.

### Art. 161

Exploitation of knowledge of confidential facts

1. Whoever, as a member of the board of directors, management, auditors, or as a mandatary of a corporation or of a company dominating or depending from it,

   as a member of a public authority or as an official,

   or as an auxiliary to one of the persons mentioned above,

   secures for himself or another a pecuniary benefit, by exploiting his knowledge of a confidential fact, whose disclosure in a foreseeable way, will considerably influence the price on a stock or prebourse exchange, of shares, other securities, or of corresponding ledger securities of the company, or of options to such securities, or by informing a third party of such fact,

   shall be punished with imprisonment or a fine.

2. Whoever is informed about such fact directly or indirectly by one of the persons mentioned in subparagraph 1 and by exploiting such information secures for himself or another a pecuniary benefit,

   shall be punished with imprisonment of up to one year or a fine.

3. Facts within the meaning of subparagraphs 1 and 2 are an impending issue of new participation rights, an amalgamation of companies, or similar facts of comparable importance.

4. In the case of a intended amalgamation of two corporations, subparagraphs 1 to 3 shall apply to both companies.

5. Subparagraphs 1 to 4 shall apply by analogy if the exploitation of knowledge of confidential facts relates to participation certificates, other securities, ledger securities, or corresponding options of a cooperative or of a foreign company.

### Art. 161

Ausnützen der Kenntnis vertraulicher Tatsachen

1. Wer als Mitglied des Verwaltungsrates, der Geschäftsleitung, der Revisionsstelle oder als Beauftragter einer Aktiengesellschaft oder einer sie beherrschenden oder von ihr abhängigen Gesellschaft,

   als Mitglied einer Behörde oder als Beamter,

   oder als Hilfsperson einer der vorgenannten Personen,

   sich oder einem andern einen Vermögensvorteil verschafft, indem er die Kenntnis einer vertraulichen Tatsache, deren Bekanntwerden den Kurs von in der Schweiz börslich oder vorbörslich gehandelten Aktien, andern Wertschriften oder entsprechenden Bucheffekten der Gesellschaft oder von Optionen auf solche in voraussehbarer Weise erheblich beeinflussen wird, ausnützt oder diese Tatsache einem Dritten zur Kenntnis bringt,

   wird mit Gefängnis oder Busse bestraft.

2. Wer eine solche Tatsache von einer der in Ziffer 1 genannten Personen unmittelbar oder mittelbar mitgeteilt erhält und sich oder einem andern durch Ausnützen dieser Mitteilung einen Vermögensvorteil verschafft,

   wird mit Gefängnis bis zu einem Jahr oder mit Busse bestraft.

3. Als Tatsache im Sinne der Ziffern 1 und 2 gilt eine bevorstehende Emission neuer Beteiligungsrechte, eine Unternehmensverbindung oder ein ähnlicher Sachverhalt von vergleichbarer Tragweite.

4. Ist die Verbindung zweier Aktiengesellschaften geplant, so gelten die Ziffern 1-3 für beide Gesellschaften.

5. Die Ziffern 1-4 sind sinngemäss anwendbar, wenn die Ausnützung der Kenntnis einer vertraulichen Tatsache Anteilscheine, andere Wertschriften, Bucheffekten oder entsprechende Optionen einer Genossenschaft oder einer ausländischen Gesellschaft betrifft.

### Art. 161

Exploitation de la connaissance de faits confidentiels

1. Celui qui, en qualité de membre du conseil d'administration, de la direction, de l'organe de révision, ou en qualité de mandataire d'une société anonyme ou d'une société dominant cette société anonyme ou dépendant d'elle,

   en qualité de membre d'une autorité ou de fonctionnaire,

   ou en qualité d'auxiliaire de l'une de ces personnes,

   aura obtenu pour lui-même ou pour un tiers un avantage pécuniaire, soit en exploitant la connaissance qu'il a d'un fait confidentiel dont il est prévisible que la divulgation exerce une influence notable sur le cours d'actions, d'autres titres ou effets comptables correspondants de la société ou sur le cours d'options sur de tels titres, négociés en bourse ou avant bourse suisse, soit en portant un tel fait à la connaissance d'un tiers,

   sera puni de l'emprisonnement ou de l'amende.

2. Celui à qui un tel fait est communiqué directement ou indirectement par l'une des personnes mentionnées au chiffre 1 et qui, par l'exploitation de cette information, obtient pour lui-même ou pour un tiers un avantage pécuniaire,

   sera puni de l'emprisonnement pour un an au plus ou de l'amende.

3. Sont considérés comme faits, au sens des chiffres 1 et 2, l'émission imminente de nouveaux droits de participation, un regroupement d'entreprises ou tout fait analogue d'importance comparable.

4. Lorsque le regroupement de deux sociétés anonymes est envisagé, les chiffres 1 à 3 s'appliquent aux deux sociétés.

5. Les chiffres 1 à 4 sont applicables par analogie lorsque l'exploitation de la

24    25



# Swiss-American Chamber of Commerce

# Swiss Penal Code

## Selected Provisions Relevant to Business

English Translation of Official Text

*Translated by*

Jerome H. Farnum, B.A., J.D., Monroe Township, NJ
Martin Frey, LL.M., Attorney at Law, Zurich
Peter C. Honegger, Dr. iur., LL.M., Attorney at Law, Zurich
Teresa Lewis, LL.M., Attorney at Law, Zurich
Bernhard F. Meyer-Hauser, Dr. iur., LL.M., Attorney at Law, Zurich
Walter H. Diggelmann, lic.rer.pol., Zurich

Swiss-American Chamber of Commerce, Talacker 41, CH-8001 Zurich

LENZ & STAEHELIN
AVOCATS
GRAND'RUE 25
1211 GENÈVE 11

Lenz & Staehelin Genève
12548